IN THE
UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. |
| ) | |
| PURDUE UNIVERSITY and ALYSA ROLLOCK ) | |
| and KATIE SERMERSHEIM, in their official and ) | |
| individual capacities ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT WITH JURY DEMAND**

Plaintiff, Jane Doe, by counsel, hereby files her Complaint for damages and injunctive relief and states as follows:

**I.     INTRODUCTION**

1.     Plaintiff was a Purdue student who was sexually assaulted by a male student at Purdue. Plaintiff sought medical treatment due to the assault but did not report it to Purdue immediately. Plaintiff suffered from Post-Traumatic Stress Disorder because of her sexual assault and was dropped from school for inadequate grades. In explaining her performance to Purdue officials as she sought reinstatement, she disclosed her sexual assault and her interactions with the Purdue University Counseling and Psychological Services (CAPS).[1]

2.     Due to these disclosures she was referred to Purdue's Office of Institutional Equity, where she was asked to make an official report of her sexual assault to the University.

---

[1] Plaintiff seeks to proceed pseudonymously to preserve her privacy. This case concerns sexual assault and public identification of the Plaintiff poses a high risk of mental harm. There is no risk of prejudice to the Defendant from the use of a pseudonym because Defendant and its counsel will be fully aware of the identity of the Plaintiff.

3. The Defendants implemented a policy, either written or unwritten, wherein women who cannot prove their claims to the satisfaction of Purdue decisionmakers face discipline up to expulsion at Purdue.

4. The Defendants applied that policy to the Plaintiff's case and expelled her. The expulsion was later reduced to a suspension.

5. No reasonable factfinder could concur with Defendants that Jane Doe made her report maliciously. Instead, substantial facts supported her claims.

6. Purdue's conduct violated Title IX: its investigation was slipshod and failed to discover basic relevant facts; the investigators made discriminatory assumptions about Plaintiff's behavior; and the University departed from basic norms of fairness and due process.

7. Defendants treated the Plaintiff as if she were the accused harasser and punished her for making protected Title IX complaints.

## II.  PARTIES

**8**. Plaintiff Jane Doe is currently twenty-two years old and a female United States citizen.

9. Doe began her second semester of her sophomore year at Purdue University in January 2017.

10. Defendant Purdue University is a public institution of higher education located in West Lafayette, Indiana and is a recipient of federal funding.

11. Defendant Alysa Rollock is the Vice-President for Ethics and Compliance at Purdue University.

12. Defendant Katie Sermersheim is the Associate Provost and the Dean of Students at Purdue University.

**III.    JURISDICTION AND VENUE**

13.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

14.    Venue is proper under 27 U.S.C. § 1391(b)(1) and (2) as all acts complained of herein occurred in Tippecanoe County, Indiana.

**IV.    FACTUAL ALLEGATIONS SUPPORTING JANE DOE'S CLAIM**

15.    On January 28, 2017, Doe became intoxicated at a party and was incapacitated. Doe left the party with friends who, believing she was too intoxicated to care for herself, left her at the apartment of a Male Student with whom she was acquainted. She awoke to find the Male Student on top of her, touching her sexually. She did not consent to the contact, was too intoxicated to consent, and the Male Student ignored her attempts to repel him.

16.    When Doe awoke the next morning in Male Student's bedroom, her genitals were sore, and she found her bra had been removed.

17.    Shortly thereafter Doe revealed the assault to her mother and to some friends.

18.    Doe did not report the assault to Defendants at that time.

19.    Doe recognized she was suffering mental illness because of her assault. She was in fact suffering from depression and anxiety associated with post-traumatic stress.

20.    On February 6, 2017, Doe sought medical treatment from Purdue University Counseling and Psychological Services. On intake forms and in an intake interview she disclosed a recent history of sexual violence.

21.    On February 13, 2017, she disclosed the sexual assault in a CAPS counseling session.

22.    Doe's Post-Traumatic Stress Disorder caused her to become overwhelmed easily. She attended no further counseling sessions because reliving her traumatic experience was

unbearable, and she stopped attending classes because she was had difficulty performing cognitive tasks.

23. In May 2017, Doe was dropped from Purdue University because her grades were inadequate. This spurred her to combat her mental illness, at which point she was diagnosed with Post-Traumatic Stress Disorder.

24. Doe explained to her academic advisor that her grades had suffered due to anxiety and depression resulting from a sexual assault and asked what steps she needed to take in order to be reinstated. Her counselor referred her to the Office of Institutional Equity in connection with her sexual assault.

25. At the Office of Institutional Equity, Title IX Specialist Karen Meyers directed Doe to fill out paperwork to officially report her sexual assault to the University. In that paperwork Doe described the circumstances of her assault as well as her interactions with CAPS.

26. Two investigators from the Office of Institutional Equity then commenced an investigation into her assault.

27. The investigators reported to Dean Sermersheim and Vice-President Rollock.

28. Defendants' investigation relied in large measure on Doe's impaired recollection of the circumstances leading up to her sexual assault. Because she had to rely on friends' recollections of what had transpired before she was sexually assaulted, Defendants found Doe to be an unreliable witness. Defendants disregarded the fact that Doe clearly and consistently recalled the circumstances of the sexual assault itself.

29. Defendants' investigation also relied largely on the fact that Doe, due to being overwhelmed by anxiety and depression in the months after the assault, was unable to recall

4

certain events. Doe initially attested to having no further contact with Male Student after January 28, 2017 when in fact she had.

30. Defendants failed to provide Doe with notice that she was being treated as a target of its investigation.

31. On August 15, 2017, Dean Katie Sermersheim issued a finding alleging that Doe falsely reported her assault in a bad faith attempt to be reinstated, found that she made false statements to investigators, and found that she had consented to sexual contact with Male Student despite her incapacitation. Dean Sermersheim referred Doe to the Purdue Office of Student Rights and Responsibilities "to assess whether you engaged in conduct for which you may be subject to discipline…."

32. In making her finding that Doe made a report of sexual assault in bad faith, Defendant Sermersheim construed Doe's queries to academic officials whether she needed to report her sexual assault in order to be reinstated and whether she could be penalized for filing it as proof of a scheme to be reinstated at Male Student's expense. This is both a discriminatory assumption taking her inquiries out of context and a violation of procedural safeguards meant to shield Title IX complainants from retaliation.

33. On September 1, 2017, Defendant Vice-President Rollock instructed Defendant Sermersheim to amend the findings of the investigation to incorporate an allegation that on the night Doe alleged that she had been assaulted, Doe had harassed another student by groping him. Defendant Sermersheim proceeded against Doe on this allegation.

34. Upon its adoption of its "Amended Final Findings" of September 29, 2017, the University expelled Doe.

35. After Doe appealed her expulsion, Defendant Rollock reversed the finding that she had filed her complaint in bad faith but upheld the findings of false statements and consent to sexual contact. On this basis, Defendant Rollock converted Doe's expulsion into a suspension.

36. Following her suspension, Doe was informed on December 19, 2017 that investigators had substantiated the harassment claims against her referenced in Rollock's September 1, 2017, letter, and that, as a result, upon returning from suspension she would be placed on academic probation.

## V.   COUNT I: VIOLATION OF TITLE IX – DEFENDANT PURDUE UNIVERSITY

37. Plaintiff incorporates all above paragraphs by reference.

38. Jane Doe was denied her federally guaranteed equal access to educational opportunities by the manner in which Purdue University mishandled her complaint of assault.

39. Purdue University's conduct violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1981, et. seq.

40. The violation of Title IX damaged Doe.

## VI.   COUNT II:   TITLE IX RETALIATION – DEFENDANT PURDUE UNIVERSITY

41. Plaintiff incorporates all above paragraphs by reference.

42. Jane Doe was disciplined because she complained that she was assaulted by a Male Student.

43. Purdue University's decision to suspend her was unlawful retaliation in violation of Title IX of the Education Amendments of 1972.

## VII.   COUNT III: 42 U.S.C. § 1983: DEPRIVATION OF CIVIL RIGHTS UNDER STATE LAW – DEFENDANTS ROLLOCK AND SERMERSHEIM IN THEIR OFFICIAL CAPACITIES

44. Plaintiff incorporates all above paragraphs by reference.

45. Katie Sermersheim, and Alysa Rollock acted under color of state law with regards to Jane Doe.

46. Defendants Sermersheim and Rollock's decision to discipline Jane Doe violated her constitutionally guaranteed right to Equal Protection of the Laws and Due Process of Law.

## VIII. COUNT IV: 42 U.S.C. § 1983: INDIVIDUAL LIABILITY – KATIE SERMERSHEIM

47. Plaintiff incorporates all above paragraphs by reference.

48. Katie Sermersheim knowingly or recklessly implemented and managed a sexual assault complaint process that deprived Jane Doe of her constitutional rights to due process and equal protection of the law.

## IX. COUNT V: 42 U.S.C. § 1983: INDIVIDUAL LIABILITY – ALYSA ROLLOCK

49. Plaintiff incorporates all above paragraphs by reference.

50. Alysa Rollock knowingly or recklessly implemented and managed a sexual assault complaint process that deprived Jane Doe of her constitutional rights to due process and equal protection of the law.

## X. REQUEST FOR RELIEF

Wherefore, Plaintiff Jane Doe requests judgment in her favor and against the Defendant, ordering injunctive relief of reinstatement to good standing with Purdue University with all attendant benefits and other make whole relief including lost tuition and expenses, and removal of the discipline from her record, together with an award of compensatory damages, punitive damages, court costs and expenses, including attorney's fees, pre-judgment and post-judgment interest and such other relief as this Court deems appropriate.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/ Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff

## JURY DEMAND

Plaintiffs, by counsel, demand that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/ Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff

MACEY SWANSON LLP
445 North Pennsylvania Street, Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com