**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| JANE DOE,<br><br>PLAINTIFF,<br><br>vs.<br><br>PURDUE UNIVERSITY and ALYSA ROLLOCK and KATHERINE SERMERSHEIM, in their official and individual capacities<br><br>DEFENDANTS. | ) | CAUSE NO: 4:19-CV-00084-JVB-JEM |

**BRIEF IN SUPPORT OF MOTION TO DISMISS SECTION 1983 CLAIMS**

Defendants The Trustees of Purdue University ("Purdue University"), Alysa Rollock and Katherine Sermersheim (the "Individual Defendants"), by counsel, submit this brief in support of their motion to dismiss Counts III, IV, and V of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Plaintiff's Complaint lists five counts. Counts I and II invoke Title IX. Counts III, IV and V invoke Section 1983. This motion is directed to the three Section 1983 claims, which suffer from multiple terminal defects.

Count III attempts to allege official-capacity Section 1983 damages. That allegation fails to state a claim and is subject to the Eleventh Amendment bar. Because an official-capacity Section 1983 claim is construed as a claim against not only the officials but also the entity on whose behalf they act in an official capacity, Count III is in substance a claim against not only the Individual Defendants but also Purdue University.

Count III also attempts to allege official-capacity Section 1983 injunctive relief against the Individual Defendants under the *Ex parte Young* rule. However, the Complaint fails to allege a ripe Section 1983 question for redress by injunctive relief.

Counts IV and V attempt to allege individual-capacity Section 1983 damages against the Individual Defendants. Those allegations fail to articulate disregard of any clearly established rule and therefore cannot overcome the Individual Defendants' qualified immunity.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff Jane Doe alleges:

She became intoxicated at a party from which her friends then took her to the apartment of a male student. Compl., ¶ 15. She was sexually assaulted by the male student. Compl., ¶ 17. She suffered mental illness, depression, anxiety, and post-traumatic stress from that incident. Compl., ¶ 19. She sought medical treatment from Purdue University Counseling and Psychological Services ("CAPS") where she disclosed the sexual violence on her intake form and later in a February 13, 2017counseling session. Compl., ¶ 19-20. She stopped attending CAPS sessions and her classes. Compl., ¶ 22. In May 2017, she was no longer allowed to continue her studies at Purdue University due to poor academic performance. Compl., ¶ 23. She was then diagnosed with Post-Traumatic Stress Disorder. Compl., ¶ 23. She disclosed the incident to her advisor who recommended she speak with the Office of Institutional Equity. Compl., ¶ 24. Through that office, she officially reported the incident and her CAPS counseling to Purdue University. Compl., ¶ 25. Two investigators launched an investigation into the incident and then reported to the Individual Defendants. Compl., ¶ 26-27. The investigation revealed Doe to be an unreliable witness with an unreliable memory. Compl., ¶ 28-29. The Individual Defendants did not inform Doe that she was being investigated. Compl., ¶ 30. Defendant

Sermersheim issued a statement of her findings on August 15, 2017 stating that Doe had consented to the sexual contact, made false statements, and asserted her sexual assault claim in bad faith in order to be reinstated. Compl., ¶ 31. On September 1, 2017, Defendant Rollock instructed Defendant Sermersheim to amend the findings to include a harassment claim by another student against Doe. Compl., ¶ 33. Based upon the amended findings, Doe was expelled from Purdue University. Compl., ¶ 34. On appeal, Defendant Rollock reversed one finding but upheld the remaining two and converted Doe's expulsion into a suspension. Compl., ¶ 35. Doe was informed that she would be placed on academic probation on her return to Purdue University. Compl., ¶ 36.

**STANDARDS**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Ill. v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). "The Plaintiff has the obligation to establish jurisdiction by competent proof." *Phillips v. Fullenkamp*, No. 1:17-CV-41-TLS, 2017 WL 3783400, at *1 (N.D. Ind. Aug. 31, 2017) (citing *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999)).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain . . . a short and plain statement" showing that the plaintiff "is entitled to relief" from each named defendant. Accordingly, a party may move in its responsive pleading to dismiss a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted); *see Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## ARGUMENT

**A. As a Section 1983 claim for damages, Count III fails to state a claim and is subject to the Eleventh Amendment bar.**

The Complaint's Request for Relief seeks "an award of compensatory damages and punitive damages." Because Purdue University and its officials in their official capacity are not Section 1983 "persons", Count III fails to state an official-capacity Section 1983 damage claim. Further, the Eleventh Amendment bars a Section 1983 damage claim against Purdue University and its officials in their official capacities.

Section 1983 only provides a cause of action against a "person." 42 U.S.C. § 1983 ("Every person . . ."). Purdue University is an instrumentality of the State of Indiana. *See*, *e.g.*, *Brettler v. Purdue Univ.*, 408 F. Supp. 2d 640, 651 (N.D. Ind. 2006). It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Colbern v. Trs. of Indiana Univ.*, 739 F. Supp. 1268, 1280 (S.D. Ind. 1990), *aff'd* 973 F.2d 581 (7th Cir. 1992).

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent. An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citations and alterations omitted). Therefore, for present purposes, Count III's claim for Section 1983 damages is "to be treated as a suit against" Purdue University.

Further, Purdue University is an instrumentality of the State of Indiana and is therefore protected by Eleventh Amendment immunity. *Wasserman v. Purdue Univ. ex rel. Jischke*, 431 F. Supp. 2d 911, 915-16 (N.D. Ind. 2006); *see also* Ind. Code §§ 21-23-2-2, 21-27-7-4, & -5. "[T]he Eleventh Amendment bar is jurisdictional in the sense that it is a limitation on the federal court's judicial power[.]" *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998). "When the

Eleventh Amendment applies to bar suit against a state, it is well settled that federal courts are divested of subject matter jurisdiction." *Wasserman*, 431 F. Supp. 2d at 917. "Indiana has not consented to be sued for damages for federal constitutional violations[.]" *Gaff v. Indiana-Purdue Univ. of Ft. Wayne*, 45 N.E.3d 458, 463 (Ind. Ct. App. 2015) (citing Ind. Code §§ 34-13-4-1 to -4), *aff'd in part, vac'd in part* 51 N.E.3d 1163 (Ind. 2016). "If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fed'n of State, Cty. and Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 881-82 (7th Cir. 2012) (emphasis added).

For these reasons, Count III fails to state a Section 1983 official-capacity damage claim and is subject to the Eleventh Amendment bar. Count III should therefor be dismissed as to Purdue University and the Individual Defendants.

**B. Count III fails to allege an actionable Section 1983 controversy for injunctive relief.**

Jane Doe's Request for Relief seeks "injunctive relief of reinstatement to good standing with Purdue University and all attendant benefits and other make whole relief including lost tuition and expenses, and removal of the discipline from her record." Compl., p. 7. Apparently, Jane Doe contends that the Individual Defendants are positioned for "removal of the discipline from her record" and "reinstatement to good standing."[1] However, the Complaint fails to allege a ripe Section 1983 question for redress by injunctive relief.

[1] Normally, a state agency or state officials acting in their official capacities may not be sued in federal court. *See* U.S. CONST. amend. XI.; *Ind. Protection & Advocacy Servs. v. Ind. Fam. & Soc. Serv. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). However, the Supreme Court has recognized exceptions, including permitting suits for prospective relief to enjoin ongoing violations of federal law, known as *Ex Parte Young* relief. *Ind. Protection & Advocacy Servs.*, 603 F.3d at 371. A claim for *Ex Parte Young* relief must be directed at the state official responsible for enforcing the contested law in her official capacity. *See Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005).

To plead standing for injunctive relief, a party must allege current or prospective injury that is redressable by an injunction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992). *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 97 (2013) ("'conjectural or hypothetical' speculation does not give rise to the sort of 'concrete' and 'actual' injury necessary to establish Article III standing" (quoting *Lujan*, 504 U.S. at 560)); *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983) (no standing for claim based "conjectural" or "hypothetical" event); *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992) ("[F]ederal courts may only adjudicate 'cases or controversies' and may not render advisory opinions." (citing *Wis.'s Env't Decade, Inc. v. State Bar of Wis.*, 747 F.2d 407, 410 (7th Cir. 1984), *cert. denied*, 471 U.S. 1100)). "[T]o establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *Lyons*, 461 U.S. at 102).

First, Jane Doe is not alleging any current or prospective Section 1983 violation by the Individual Defendants in their official capacity. The Complaint does not allege a controversy between Jane Doe and Purdue officials regarding her "good standing with Purdue University". The Complaint does not allege that Jane Doe currently seeks to re-enroll at Purdue University or faces any obstacle to doing so. As the legal basis for Section 1983 injunctive relief, Jane Doe alleges, "Defendants Sermersheim and Rollock's decision to discipline Jane Doe violated her constitutionally guaranteed right to Equal Protection of the Laws and Due Process of Law." Compl., ¶ 46. According to the Complaint, those events date back to 2017. That grievance is retrospective, not prospective.

Second, whether Jane Doe in fact violated Purdue University rules is a matter of state law, not federal law. "The Fourteenth Amendment is not a vehicle for re-litigating in federal

court evidentiary questions arising in school disciplinary proceedings, or for correcting a university's allegedly bad decision-making." *Hess v. Bd of Trs. of Southern Illinois Univ.*, 839 F.3d 668, 678 (7th Cir. 2016). Jane Doe's due-process redress lies in unexhausted state court process regarding campus-conduct rules under state law.

"In the context of higher education, any property interest is a matter of contract between the student and the university." *Doe v. Purdue Univ.*, 928 F.3d at 660 (citing *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009)). An alleged deprivation "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Any deprivation of an allegedly protected interest "is not complete until and unless [the state] provides or refuses to provide a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Jane Doe's due process for an alleged deprivation of a contractual entitlement is a state-law claim for breach of contract. *Kay v. Bd. of Educ. of City of Chi.*, 547 F.3d 736, 739 (7th Cir. 2008); *Weinstein v. Univ. of Ill.*, 811 F.2d 1091, 1096 (7th Cir. 1987); *see also Bernard v. United Twp. High Sch. Dist. No. 30*, 5 F.3d 1090, 1093 (7th Cir. 1993).*;see*, *e.g.*, *Chang v. Purdue Univ.*, 985 N.E.2d 35, 45-48 (Ind. Ct. App. 2013) (discussing plaintiff's breach of implied contract claim); *Amaya v. Brater*, 981 N.E.2d 1235, 1239-42 (Ind. Ct. App. 2013) (discussing same). The plaintiff in *Chang* was dismissed for violating a university policy and subsequently brought suit against Purdue University seeking relief including reinstatement and expungement of her record under a theory of breach of contract. 985 N.E.2d at 42-44.

A determination on the merits of Purdue's campus-conduct rules would be a state law determination, *see* IND. CODE §§ 21-39-2-2, -4, and therefore not a federal question within this

Court's subject-matter jurisdiction. *See Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018) (a petition for declaratory judgment on a non-federal question does not confer federal jurisdiction).

The same analysis attaches to a Fourteenth Amendment bias allegation. Jane Doe is apparently attempting to allege an "invidious classification" in a campus disciplinary procedure under state law. *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091 1104 (7th Cir. 1982)).*;see Smith on Behalf of Smith v. Severn*, 129 F.3d 419, 429 (7th Cir. 1997) (no denial of equal protection in student discipline case); *Ferguson v. Lamb*, No. 4:14-CV-74, 2016 WL 2865951, at *5 (N.D. Ind. May 17, 2016) (citing *Snyder v. Smith*, 7 F. Supp. 3d 842, 860 (S.D. Ind. 2014)). "[A] claim based on random and unauthorized acts by state officials . . . only requires a meaningful post-deprivation remedy." *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018) (citing *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 805 (7th Cir. 2010)). "In this instance, the plaintiff must 'avail [himself] of state post-deprivation remedies or demonstrate that the available remedies are inadequate.'" *Id.* (quoting *Leavell*, 600 F.3d at 805). A bias allegation asserts "random and unauthorized acts." *Id.* at 480 (alleged bias of disciplinary board); *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534-35 (7th Cir. 2008) (discussing same). "Because such misconduct is inherently unpredictable, the state's obligation under the Due Process Clause is to provide sufficient remedies after its occurrence, rather than to prevent it from happening." *Id.* at 535; *Cannici*, 885 F.3d at 480.

In sum, the Complaint fails to allege a ripe Section 1983 question for redress by injunctive relief. There is no alleged controversy regarding Jane Doe's re-enrollment at Purdue. There is no allegation of a current or prospective Fourteenth Amendment violation. There is no allegation that Jane Doe has exhausted her recourse to state court under state law to seek a redetermination of the question whether she in fact violated Purdue's campus-conduct rules.

**C. Counts IV and V fail to allege facts to plausibly show violation of any clearly established rule and therefore are barred by the Individual Defendants' qualified immunity for individual-capacity Section 1983 damages.**

Counts IV and V attempt Section 1983 damage claims against the Individual Defendants in their individual-capacity. The Individual Defendants have qualified-immunity from an individual-capacity damage allegation where, as here, the Complaint does not allege facts to plausibly show a knowing violation of a clearly established rule.

In *Doe v. Purdue Univ.*, 928 F.3d 652 (7th Cir. 2019), the court determined that in the case where a constitutional right is "not clearly articulated in the case law[,]" then "the existence of qualified immunity is a 'purely legal question' that the court can address on a motion to dismiss." *Id.* at 665 (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000)). "The Supreme Court 'repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915-16 (7th Cir. 2015) (quoting *Saucier v. Katz*, 533 U.S 194, 201 (2001) and *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Qualified immunity "is not merely a defense to liability but an immunity from suit." *Maltby v. Winston*, 36 F.3d 548, 554 n.6 (7th Cir. 1994). "Although qualified immunity is an affirmative defense, the plaintiff has the burden of defeating it once defendants raise it." *Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017).

The qualified-immunity standard presents a high bar for Jane Doe to clear:

> Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. While this Court's case law does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate. In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law.
> . . .
> As this Court explained decades ago, the clearly established law must be particularized to the facts of the case. Otherwise, plaintiffs would be able to

> convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.

*White v. Pauly*, 137 U.S.. 548, 551-52 (2017) (internal citations and alterations omitted).

Jane Doe alleges "a sexual assault complaint process that deprived Jane Doe of her constitutional rights to due process and equal protection of law." Compl., ¶ 48 & 50. This conclusory assertion amounts to "alleging violation of extremely abstract rights" and does not allege "clearly established law . . . particularized to the facts of the case." *White*, 137 U.S. at 551-52. There is no "clearly established law" barring Defendants Rollock and Sermersheim from weighing evidence to determine that Jane Doe violated campus-conduct rules at Purdue University. *Id*.

The Individual Defendants were obligated under *Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999) to address Doe's report. The Individual Defendants have qualified immunity against claims for their discretionary actions "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 352 (7th Cir. 2005) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). Performing a *Davis* investigation and following the evidence where it leads could reasonably have been thought consistent with the Supreme Court's instruction in *Davis*.

Jane Doe cannot rebut qualified immunity by alleging disagreement with the discretionary judgments of Defendants Sermersheim and Rollock. Qualified immunity "provides 'ample room for mistaken judgments' and protects all but the 'plainly incompetent and those who knowingly violate the law.'" *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); and *Malley v. Briggs*, 475 U.S. 335, 343 (1986)). "The protection of qualified immunity applies regardless of whether the government official's

error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation and citations omitted).

Jane Doe is required to "show either a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand or that the violation was so obvious that a reasonable person necessarily would have recognized it as a violation of the law." *Howell v. Smith*, 853 F.3d 892, 897 (7th Cir. 2017) (citation omitted). While Doe is not required to point to a case "on all fours" with the Individual Defendants' alleged misconduct, she must provide "settled authority that would cause [the Individual Defendants] to understand the illegality of the action" *Id.* "[I]f a reasonable officer might not have known for certain that the conduct was unlawful—then the officer is immune from liability." *Ziglar v. Abbasi*, 137 U.S.. 1843, 1850 (2017). Doe must come forward with authorities that meet the specificity criteria established by the Supreme Court. *Sebesta v. Davis*, 878 F.3d 226, 234 (7th Cir. 2017).

Because the Complaint does not meet this standard, qualified immunity bars Counts IV and V.

## CONCLUSION

For the foregoing reasons, Plaintiff's Section 1983 claims (Counts III, IV, and V) should be dismissed.

Dated: October 25, 2019.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (Attorney No. 18973-79)
Scotty N. Teal (Attorney No. 35713-53)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone: 765-423-1561
Facsimile: 765-742-8175
E-Mail: wpk@stuartlaw.com
***Attorneys for Defendants***