UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JANE DOE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:19-CV-84-JVB-JEM |
| ) | |
| PURDUE UNIVERSITY, *et al.*, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Section 1983 Claims [DE 17], filed by Defendants Purdue University, Alysa Rollock, and Katherine Sermersheim on October 25, 2019. Plaintiff Jane Doe filed a response on November 15, 2019, and Defendants filed a reply on November 22, 2019. For the reasons below, the Court grants the motion.

## PROCEDURAL BACKGROUND

Plaintiff initiated this cause of action by filing a five-count complaint on September 4, 2019. Counts 1 and 2, which Defendants do not seek dismissal of in their motion, are claims brought under Title IX. For Counts 3, 4, and 5, Plaintiff identifies as the basis for relief as 42 U.S.C. § 1983 and Plaintiff's equal protection and due process rights. Count 3 is brought against Rollock and Sermersheim in their official capacities, Count 4 is brought against Sermersheim in her individual capacity, and Count 5 is brought against Rollock in her individual capacity.

Plaintiff makes the following factual allegations in her complaint. She was sexually assaulted after becoming incapacitated at a party on January 28, 2017. She did not report the assault to Defendants at that time. She suffered depression and anxiety associated with post-traumatic stress as a result of the stress. When she sought medical treatment from Purdue University

Counseling and Psychological Services on February 6, 2017, and February 13, 2017, she disclosed a recent history of sexual violence and the sexual assault.

Plaintiff's post-traumatic stress disorder caused her to become overwhelmed easily, and she stopped attending classes because she had difficulty performing cognitive tasks. She was dropped from Purdue University due to inadequate grades in May 2017. By this time, she was diagnosed with post-traumatic stress disorder.

Plaintiff disclosed to her academic advisor that her grades had suffered due to the anxiety and depression that resulted from the sexual assault and asked how she could be reinstated. The advisor referred her to the Office of Institutional Equity. At that office, Plaintiff was directed to fill out paperwork to officially report the assault to Purdue University. Two investigators from the office launched an investigation into the assault. The investigators reported to Sermersheim and Rollock.

The investigation relied heavily on Plaintiff's impaired recollection. Because Plaintiff had to rely on friends' recollections of the events that night, Defendants found Plaintiff to be an unreliable witness and disregarded the fact that Plaintiff clearly and consistently recalled the circumstances of the assault itself. The investigation also relied on Plaintiff's inability to recall certain events, which was due to her being overwhelmed by anxiety and depression in the months after the assault.

Defendants did not give Plaintiff notice that she was being treated as a target of the investigation. On August 15, 2017, Sermersheim issued a finding that Plaintiff falsely reported the assault in bad faith in an attempt to be reinstated, found that Plaintiff made false statements to investigators, and found that Plaintiff had consented to the sexual encounter underlying the assault allegation. Sermersheim construed Plaintiff's questions to academic officials regarding whether

she needed to report the assault in order to be reinstated and whether she could be penalized for it as proof of a scheme to be reinstated at her assaulter's expense. Plaintiff's questions were taken out of context and violated the safeguards meant to shield Title IX complainants from retaliation. Sermersheim referred Plaintiff to the Purdue Office of Student Rights and Responsibilities to assess whether she had engaged in conduct for which she may be subject to discipline.

On September 1, 2017, Rollock instructed Sermersheim to amend her findings to include an allegation that, on the night of the assault, Plaintiff had engaged in harassment by groping a male student (not the assaulter). Proceedings on this allegation commenced, and, upon the adoption of "Amended Final Findings" on September 29, 2017, Purdue University expelled Plaintiff. Plaintiff appealed, and Rollock reversed the finding of bad faith but upheld the findings of false statements and consent to sexual contact. The expulsion was converted to a suspension. After the suspension, Plaintiff was informed that investigators had substantiated the harassment claim and, as a result, upon returning from suspension, Plaintiff would be placed on academic probation.

Plaintiff alleges that Defendants implemented a policy wherein women who cannot prove their claims to the satisfaction of Purdue University decisionmakers face discipline up to expulsion.

Plaintiff requests reinstatement to good standing at Purdue University, make-whole relief including lost tuition and expenses, removal of the discipline form her record, compensatory damages, punitive damages, court costs and expenses, and interest.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides

that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

## ANALYSIS

To state a claim under § 1983, a plaintiff must allege "(1) that defendants deprived [her] of a federal constitutional right; and (2) that the defendants acted under color of state law." *Lantz v. Office of Jackson Twp. Tr.*, 938 F. Supp. 2d 810, 822 (N.D. Ind. 2013) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). Plaintiff brings claims under two constitutional theories: due process and equal protection. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S.

4

Const. Amend. XIV, § 1. The Equal Protection Clause of the same amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." *Id.*

### A. Due Process

To state a due process claim, a plaintiff must allege that a state actor deprived her of "life, liberty, or property." *Doe v. Purdue Univ.*, 928 F.3d 652, 659 (7th Cir. 2019). There is no contention that Plaintiff has been deprived of her life, so the remaining possibilities are deprivation of property or liberty.

"A college education . . . is not 'property' in the usual sense of the word." *Williams v. Wendler*, 530 F.3d 584, 589 (7th Cir. 2008).

> [T]o demonstrate that [she] possesses the requisite property interest, a university student must do more than show that [she] has a contract with university; [she] must establish that the contract entitled [her] to the specific right that the university allegedly took, such as the right to a continuing education or the right not to be suspended without good cause. Generalities won't do; the student's complaint must be specific about the source of this implied contract, the exact promised the university made to the student, and the promises the student made in return.

*Purdue Univ.*, 928 F.3d at 660 (internal citations and quotation marks omitted). Plaintiff has not identified any specific contract provision or right. She has not alleged a property interest.

In her response brief, Plaintiff indicates that, instead of a property interest, she is alleging a deprivation of her liberty interest to be free from sexual assault. Essentially, her argument is that the alleged Purdue University policy of requiring female complainants of sexual assaults to take on the risk of expulsion if their complaints are not proved to the satisfaction of Purdue University decisionmakers chills the reporting of sexual assaults and threatens the safety of women on campus. "Generally, state actors do not have a due process obligation to protect citizens from private violence." *Sandra T.E. v. Grindle*, 599 F.3d 583, 589 (7th Cir. 2010) (citing *DeShaney v. Winnebago Cty. Dept. of Social Servs.*, 489 U.S. 189, 195-97 (1989)). It is unclear to the Court how Purdue University's policy, as alleged, is anything more than a failure to protect from private

violence. The cases cited by Plaintiff, *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 729 (3d Cir. 1989), and *Grindle* both involved allegations of sexual abuse of grade-school students by teachers, which is highly distinguishable from the alleged sexual assault by a post-secondary classmate.

Ultimately, however, the Court need not decide whether the alleged due process violation is attributable to Defendants at this juncture because Plaintiff's complaint makes no reference to either this liberty interest or an allegation that the policy has such a chilling effect. The due process violation, as alleged in the complaint, does not pass the requirements of *Twombly* and *Iqbal* to plead facts that put Defendants sufficiently on notice of the claims against them. Accordingly, the Court dismisses without prejudice the due process claims.

### B. Equal Protection

"The equal protection clause requires similar treatment of similarly situated persons." *Harvey v. Town of Merrillville*, 649 F.3d 526, 531 (7th Cir. 2011). Here, Plaintiff has failed to allege dissimilar treatment. To state a prima facie claim for violation of equal protection rights, a plaintiff must allege that (1) she is a member of a protected class, (2) she is otherwise similarly situated to members of the unprotected class, and (3) she was treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005).

Plaintiff's complaint fails to allege that Plaintiff, as a class member, was treated differently from members of the unprotected class. She fails even to identify what class membership she is relying on in bringing this claim. She alleges a Purdue University policy regarding female complainants of sexual assault, but she makes no allegations, for example, regarding the policy that is applied to male complainants of sexual assault or complainants (whether male or female) of non-sexual assaults. Without a statement of who, when compared to Plaintiff, received unequal

protection of the laws, Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Thus, Plaintiff's equal protection claims are dismissed without prejudice.

### C. Official Capacity Claims Against Rollock and Sermersheim

In Count 3, Plaintiff alleges that Rollock's and Sermersheim's decision to discipline Plaintiff violated her equal protection and due process rights. Defendants argue that the count is subject to immunity under the Eleventh Amendment, that Plaintiff lacks standing to bring the claim, and that Plaintiff has failed to state a claim under Rule 12(b)(6). As set forth above, Plaintiff has stated neither a due process nor an equal protection claim, but, since Plaintiff will be given the opportunity to amend her complaint, Defendants' other arguments are worthy of the Court's attention.

Though Plaintiff invokes § 1983, that statute only applies to "persons," and officials sued in their official capacities are not considered persons under § 1983. *See Will v. Mich. Dept. of State Police*, 491, U.S. 58, 71 (1989). However, *Ex Parte Young*, 209 U.S. 123 (1908), provides an avenue for prospective injunctive relief against officials sued in their official capacities as an exception to the Eleventh Amendment's general bar on bringing claims against states and state officials. *Seminole Tribe of Fla v. Florida*, 517 U.S. 44, (1996). Thus, this claim is an *Ex Parte Young* claim and not a § 1983 claim. Plaintiff agrees that this claim cannot be brought for damages, but she correctly asserts that the claim may be brought for injunctive relief. In her complaint, Plaintiff asks for reinstatement to good standing and removal of the discipline from her record. Because the Court has subject matter jurisdiction over *Ex Parte Young* claims brought for injunctive relief against state officials in their official capacity, the Court has subject matter jurisdiction over this claim.

Of course, having subject matter jurisdiction over a claim is not synonymous with Plaintiff having standing to bring a claim. But, the removal of discipline from Plaintiff's record is a form of injunctive relief that she has standing to bring in an *Ex Parte Young* action. *See Purdue Univ.*, 928 F.3d at 666.

It is unclear how reinstatement to "good standing" is different from Plaintiff's request for the removal of discipline from Plaintiff's record. The Court notes that Plaintiff has alleged that, as a result of the substantiation of the harassment claim against Plaintiff, she would be placed on academic probation after her suspension. To the extent Plaintiff wants to the removal of the conditions of re-entry imposed by Purdue University, she must allege that she intends to re-enroll in Purdue University in order to have standing to bring this request for relief. *See id.* On the current allegations in her complaint, Plaintiff does not have standing to request the removal of the conditions of re-entry.

### D. Qualified Immunity

Defendants allege that Counts 4 and 5, brought against Rollock and Sermersheim in their individual capacities, are barred by the doctrine of qualified immunity. Because, as the Court found above, the constitutional violations undergirding the due process and equal protection claims must be more fully fleshed out before claims upon which relief can be granted are sufficiently stated, the Court cannot, at this time, determine whether the alleged conduct violated Plaintiff's clearly established rights. *See White v. Pauly*, 137 S.Ct. 548, 551-52 (2017).

### E. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be freely given when justice so requires. Here, the deadline to file a motion for leave to amend

pleadings has expired. However, the Court finds that, in light of the instant ruling, an extension of the deadline is warranted, and the Court will extend the expired deadline.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss Section 1983 Claims [DE 17] and **DISMISSES without prejudice** Counts 3, 4, and 5 of Plaintiff's complaint. The Court *sua sponte* **EXTENDS** the deadline to file a motion for leave to amend pleadings to **October 15, 2020**.

SO ORDERED on September 15, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT